IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LINDA M.C., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, *Acting Commissioner of Social Security*, <br><br> Defendant. | Case No. 2:24-cv-93 |

## OPINION & ORDER

In this Social Security appeal, Claimant Linda M.C. seeks review of an Administrative Law Judge's decision denying her claim for supplemental security income. The ALJ failed to explain a direct contradiction in his reasoning, so this Court cannot conduct a meaningful review of the decision. Therefore, the Commissioner's final decision will be **VACATED**, and the case will be **REMANDED** for further agency proceedings.[1]

## I.   BACKGROUND

Linda M.C. ("the plaintiff") filed an application for supplemental security income benefits in April 2021. ECF No. 6 at 18. The plaintiff's application was denied both initially and on reconsideration. *Id.* Thereafter, she sought review before

---

[1] The Court has considered the arguments in the parties' briefing and concluded there is no need to hold a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Va. Civ. R. 7(J).

Administrative Law Judge ("ALJ") Charlie M. Johnson, who denied the claim. *Id.* at 18–32. The Appeals Council denied review of the ALJ's decision. *Id.* at 1–6.

The plaintiff filed the Complaint in the instant action on February 9, 2024. ECF No. 1. The Court referred the case to The Honorable Robert J. Krask, United States Magistrate Judge, for a report and recommendation. ECF No. 7. The plaintiff timely objected to the report and recommendation, and the defendant filed a timely response to the plaintiff's objection. ECF Nos. 15, 16.

## II.   LEGAL STANDARD

When a party files a written objection to a report and recommendation issued by a magistrate judge, the district court must determine *de novo* "those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal courts "uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted); *see* 42 U.S.C. § 405(g) (statutory authority for judicial review). "In reviewing for substantial evidence, [courts] do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [their] judgment for the ALJ's. Yet even under this deferential standard, [courts] do not reflexively rubber-stamp an ALJ's findings. To pass muster, ALJs must build an accurate and

logical bridge from the evidence to their conclusions." *Id.* at 95 (quotation marks and citations omitted).

## II. ANALYSIS

An ALJ is required to indicate the persuasiveness of each medical source in the record and explain their reasoning in their written determination. 20 C.F.R. § 416.920c(b). Additionally, the ALJ's assessment of a claimant's residual functional capacity ("RFC") "must include a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 61 Fed. Reg. 34474 (Jul. 2, 1996). Here, there is a direct contradiction between the ALJ's explanation about the persuasiveness of a medical source and his discussion of how the evidence supports his conclusion as to the claimant's RFC. Therefore, the Court cannot adequately review the ALJ's decision.

This case focuses on the ALJ's execution of step five of the social security benefits assessment. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (describing the steps). At step five, the Commissioner has the burden to prove that the claimant can perform work that "exists in significant numbers in the national economy," considering their RFC, age, education, and work experience. *Id.* at 635; 20 C.F.R. §§ 416.960(c)(2); 416.920(a)(4)(v); 416.1429. If the claimant cannot perform work under this standard, they are deemed disabled, and the Commissioner proceeds to a benefits determination.

At step five, the ALJ here asked a vocational expert whether a person of the claimant's age, education, and work experience could perform work within the

meaning of 20 C.F.R. § 416.960(c)(2), given certain hypothetical limitations. ECF No. 6 at 69–70. The ALJ's hypothetical described a person who could "stand two hours in an eight-hour day" and "can walk two hours in an eight-hour day." *Id.* at 69. The vocational expert opined that such a hypothetical person could be employed in a number of different jobs. *Id.* at 69–70. On the basis of the vocational expert's opinion, the ALJ concluded the claimant was not disabled. *Id.* at 31. Because the ALJ did not ask the vocational expert about a hypothetical person who could stand or walk for less than two hours, the ALJ did not make a determination as to whether a person with that RFC would be disabled. Thus, the ALJ's conclusion that the claimant could stand for up to two hours and walk for up to two hours each was outcome-determinative.

At the hearing before the ALJ, the claimant presented testimony from a nurse practitioner named Brittany Blowe, who opined that due to neck and back pain, the claimant could stand for *less* than two hours and walk for *less* than two hours. ECF No. 6 at 687. The ALJ stated that he found NP Blowe's opinion "persuasive." *Id.* at 28. However, the ALJ ultimately concluded that the plaintiff could "walk *up* to [two] hours[] and stand *up* to [two] hours." *Id.* at 25 (emphasis added). The written opinion does not adequately explain why the ALJ departed from NP Blowe's opinion.

The ALJ appears to have attempted an explanation: He wrote that "a greater degree of limitation [(meaning, the claimant could stand and walk for less than two hours each, as opposed to up to two hours each)] is not supported in light of the medical records describing good results from [the claimant's] cervical spine surgery

4

and examination findings of generally normal gait." ECF No. 6 at 27. But the ALJ found NP Blowe's opinion persuasive for the same reason: He explained that NP Blowe's opinion was "supported" by the clinical findings and "consistent with the treatment records describing good results from the [plaintiff's] September 2019 spine surgery," including a "normal gait." *Id.* at 28. In other words, the ALJ's decision employs the same reasoning to reach an opposite conclusion from NP Blowe's opinion. And the ALJ failed to reconcile why this reasoning supports his conclusion and not NP Blowe's conclusion. So, if the ALJ's description regarding the claimant's RFC satisfies SSR 96-8P's explanation requirement, then the decision fails under 20 C.F.R. § 416.920c(b)(2), because the ALJ's assessment of NP Blowe's opinion does not provide any reason to discredit it. And conversely, if the ALJ's adoption of NP Blowe's opinion as "persuasive" satisfies 20 C.F.R. § 416.920c(b)(2), then the decision fails under SSR 96-8P, because the ALJ does not explain how the RFC conclusion is supported by that medical evidence.

The Commissioner contends that "the difference between NP Blowe's standing/walking limitation and the RFC standing/walking limitation does not amount to the wide gulf that [the claimant] portrays," because "NP Blowe's selection of the less-than-two-hours limitation could have signified that [the claimant] could stand/walk for even a *minute* less than two hours." ECF No. 16 at 5 n.1. But if that were the ALJ's reasoning, he did not explain it. And the Court is not permitted to adopt a post hoc justification for the ALJ's actions. *Arakas*, 983 F.3d at 109 (rejecting an argument as "a meritless post-hoc justification"); *Burlington Truck Lines, Inc. v.*

5

*United States*, 371 U.S. 156, 168 (1962) ("The courts may not accept [] counsel's *post hoc* rationalizations for agency action.").

The Commissioner also argues that the ALJ's determination is supported by substantial evidence in the record. ECF No. 16 at 3. But the ALJ's error was legal, not factual. The ALJ either failed to explain his reasoning for dismissing part of NP Blowe's opinion, or he failed to describe how that opinion supported his conclusion about the claimant's RFC. Thus, the ALJ did not sufficiently create an "accurate and logical bridge" from NP Blowe's medical opinion to the RFC determination and subsequent conclusion that the claimant is not disabled. *Arakas*, 983 F.3d at 95. Whether this Court could find evidence in the record that would support the ALJ's inadequately explained conclusions is not the issue.

It is clear that the ALJ failed to apply the "correct legal standard[]" to either his assessment of the medical evidence or his application of that evidence to the RFC assessment. *Arakas*, 983 F.3d at 94. But the Court cannot determine which was the error. Thus, "the ALJ's failure to adequately explain his reasoning precludes this Court . . . from undertaking a meaningful review of the finding that" the plaintiff is not disabled. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (quotation marks and citation omitted).

Because there is conflicting evidence in the record as to a dispositive fact, and the Court cannot determine where the legal error lies, the Court will remand this matter to the ALJ for further explanation. *See Radford*, 734 F.3d at 290.

## III.   CONCLUSION

The plaintiff's appeal of the Commissioner's final decision and request for a remand (ECF No. 11) is **GRANTED**.[2]

The Commissioner's final decision is **VACATED**, and the case is **REMANDED** to the Social Security Administration for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED.**

/s/
Jamar K. Walker
United States District Judge

Norfolk, Virginia
February 13, 2025

---

[2] Based upon a *de novo* review of the issues discussed herein, the Court **DOES NOT ADOPT** the Magistrate Judge's Report and Recommendation (ECF No. 14).

7